Gerard J. QUADRINO

v.

## BAR HARBOR BANKING & TRUST CO.

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1991.

Decided March 27, 1991.

---

William N. Ferm, Ferm & McSweeney, Ellsworth, for plaintiff.

Michael Rair, Leen & Emery, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Gerard J. Quadrino appeals from summary judgment entered in favor of defendant Bar Harbor Banking & Trust Co. in the Superior Court (Washington County, *Beaulieu, J.*). Relying on a theory of "off-premises" liability, plaintiff contends on appeal that there are genuine issues of material fact which, if resolved in plaintiff's favor, establish that defendant breached its duty of care to plaintiff. We disagree and affirm the Superior Court's grant of summary judgment.

The following uncontroverted facts were developed in connection with the motion for summary judgment: On the evening of November 16, 1988, plaintiff was walking from the Red Barn Restaurant and Motel toward downtown Milbridge. In attempting to cross the driveway of defendant's adjacent banking facility, plaintiff fell, breaking four ribs and a bone in his left wrist. Although he landed on defendant's property when he fell, plaintiff tripped on a curb, constructed and maintained by the Maine Department of Transportation, on property owned by the Red Barn Motel.

Plaintiff filed a complaint, alleging that defendant owed a duty of care to pedestrians walking in the area of its parking lot, and that it breached that duty, causing injury to plaintiff. The Superior Court disagreed and granted defendant's motion for summary judgment based on the conclusion that defendant had no possessory interest in the land upon which the curb was situated. Plaintiff contends on appeal, however, that a duty exists beyond the mere possessory interest in land and, under certain conditions, a landowner may be held liable for an off-premises accident.

■■■ Duty arises when a defendant is under an obligation for the benefit of a particular plaintiff. *Joy v. Eastern Maine Medical Center,* 529 A.2d 1364, 1365 (Me. 1987). It has been defined as " 'an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another.' " *Howe v. Stubbs,* 570 A.2d 1203, 1203 (Me. 1990) (quoting *Prosser and Keaton on Torts* § 53 (5th ed. 1984)). "Whether one party owes a duty of care to another is a matter of law." *Joy v. Eastern Maine Medical Center,* 529 A.2d at 1365; *see also Howe v. Stubbs,* 570 A.2d at 1203. "Under Maine law a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises." *Erickson v. Brennan,* 513 A.2d 288, 289 (Me.1986); *see also*

*Poulin v. Colby College,* 402 A.2d 846, 851 (Me.1979). In determining whether a defendant owed a duty of care and may be liable for defects in land causing injury, the court must first establish that the defendant was, in fact, the possessor of the land at the time of the injury. *See Erickson v. Brennan,* 513 A.2d at 289–90. A possessor of land is one who, by occupancy, manifests an intent to control the land. *See Hankard v. Beal,* 543 A.2d 1376, 1378 (Me. 1988); *Erickson v. Brennan,* 513 A.2d at 290.

The facts of this case plainly establish that defendant was not the possessor of the land that led to plaintiff's injuries. Even if those injuries actually occurred at the moment plaintiff collided with defendant's cement driveway, it was still the impact with the allegedly defective curb that caused plaintiff to trip and fall. Because defendant amply demonstrated that it had no possessory interest in the curb at the time of plaintiff's injury, the court did not err in ruling that defendant owed plaintiff no duty of care.

The order is:

Judgment affirmed.

All concurring.