STATE OF MAINE                                          SUPERIOR COURT
                                                           CIVIL ACTION
YORK, ss.                                              DOCKET NO. CV-04-017

                                                       PAF-YOR-4/7/2004


PETER MARQUIS,

             Plaintiff


      v.                                    ORDER AND DECISION


PARISH PLACE MANAGEMENT
CORPORATION and                              DONALD L. ~~~~~~~
                                                 LA~ ~~~~~~~
THOMAS ELLIOTT,
                                              MAY 25 2004
             Defendants


      Peter Marquis has filed a four-count complaint alleging that in late October 2002

in Biddeford he was bitten by a dog owned by defendant Thomas Elliott. Counts 1, 3

and 4 are directed toward Mr. Elliott. In Count 2 Mr. Marquis has sued Parish Place

Management Corporation based on the theory that Parish Place failed to take

reasonable steps "to keep its premises free from any known hazards" by allowing its

maintenance man, Thomas Elliott, to bring his dog to work with him. It appears to be

undisputed that Mr. Marquis was injured on a public sidewalk after the dog left a

vehicle that was parked on the property of Parish Place. Parish Place has moved for

summary judgment.

      While the facts in this case are close to the essential facts in several Maine

Supreme Judicial Court opinions there is no case where all key facts match.

      In *Parrish v. Wright*, 2003 ME 90, 828 A.2d 778, a man was bitten by a dog and

sued both the adult owner of the dog and her non-resident parents who owned the

home where she and the dog resided. *Parrish*, at ¶18, noted that the plaintiff had "the

burden of making a prima facie showing of each element of his negligence claim in order to avoid summary judgment." Here the issue is whether Parish Place owed Mr. Marquis a duty where the injury did not occur on its premises.

Paragraph 19 states that, "Maine law has not established a duty of a property owner not on the premises to require invitees or licensees to control their dogs." While the property owner in this case is a corporation there is no evidence that shareholders as owners or the officers or directors or other managers or agents, as the managers of the corporation, were present.

The facts of this case are somewhat confused regarding what Mr. Elliott's status was at the time his dog bit Mr. Marquis. In its statement of undisputed material facts Parish Place stated in number 7, that Mr. Elliott was employed as an independent contractor and was not working for it at the time of the injury. Mr. Marquis does not explicitly deny that Mr. Elliott was an independent contractor but claims that an invoice shows that Mr. Elliott was working at Parish Place that day. The invoice, however, does not state what hours Mr. Elliott worked. Therefore treating Parish Place as a property owner not on the premises and treating Mr. Elliott as an invitee, regardless of whether he was working at the time, then no liability would exist.

The unusual circumstances of this case do not fit paragraph 20 of *Parrish* which governs the duty to those outside one's property with respect to dangerous conditions on the land. It is true that the plaintiff has produced evidence that Parish Place knew that Mr. Elliott's dog could constitute an "'unreasonable risk' of harm." However that proposition is based on RESTATEMENT (SECOND) OF TORTS §364 (1965) which refers to structures or other artificial condition of the land. Section 364 does not fit the facts of this case. See for example comments to clause (a) at pages 260-1 of the Section.

2

A second case is *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, 788 A.2d 603 involving a suit against a landlord by an invitee of a tenant who was bitten by the tenant's dog in the tenant's apartment in a case where the factfinder could reasonably draw the inference that the landlord knew of the dangerous or vicious propensities of the dog. See ¶9. The Law Court declined to find that the landlord controlled the tenant simply because he could have evicted the tenant. See ¶12. Extending the principles of *Stewart* to this case liability should not be imposed on *Parish Place* because it could have fired Mr. Elliott or prohibited him from bringing his dog to work or onto the premises.

Lastly in *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304-5 (Me. 1991) the Law Court found no liability where it focused on what caused the injury rather than where it took place.

This case should focus on the alleged true wrongdoer Mr. Elliott. It was his dog that caused any injuries. The mere fact that his van was parked on Parish Place property should not make Parish Place a defendant.

The entry is:

Judgment for the defendant Parish Place Management Corporation on Count II of the complaint.

Dated:     April 7, 2004

Paul A. Fritzsche
Justice, Superior Court

Neal L. Weinstein, Esq. - PL
Wendell G. Large, Esq. - DEF. Parish Place Management Corporation
Frederick C. Moore, Esq. - DEF. Thomas Elliott

3