STATE OF MAINE
Cumberland, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 JUN 23 A 8: 01

SUPERIOR COURT
Civil Action
Docket No. CV-04-488

PAULA McBREAIRTY,
Plaintiff

v.

JORDAN'S STORE, INC.
Defendant



DECISION AND ORDER
ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I. NATURE OF CASE

This is an action for personal injury to plaintiff's ankle which she alleges occurred when she stepped out of her vehicle before going into the defendant's store.

On August 22, 2003, plaintiff Paula McBreairty parked her car in front of Jordan's Store on Long Beach in East Sebago. As she stepped out of her car she stepped into a pothole, rolled her left ankle and collapsed. She claims that the defendant, Jordan's Store, Inc. (Jordan's), was negligent in its repair of the potholes in front of its store.

Plaintiff originally filed this complaint in the District Court at Bridgton. The defendant removed the case to Superior Court, M.R.Civ.P. 76C, and requested a trial by jury.

## II. MOTION FOR SUMMARY JUDGMENT

The defendant has filed a motion for summary judgment, M.R.Civ.P. 56, alleging that the pothole in question was not located on its property but located in the roadway on State property. Defendant argues that it has no duty to ensure that the State owned land in front of its lot is in perfect repair.

Plaintiff responded to the motion, but did not properly dispute defendant's statements of material fact. Instead of denying, admitting or qualifying them, plaintiff

chose to reword the facts. Therefore, because plaintiff did not deny or qualify any of defendant's facts, all of the defendant's facts are deemed to be admitted. M.R.Civ.P. 56(h)(2).[1] *See also, Stanley v. Hancock County Commissioners*, 2004 ME 157, ¶ 13, _____ A. 2d_____ ("A party's opposing statement of material facts must explicitly admit, deny, or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." [Internal quotations and citations omitted]).

In opposing defendant's request for summary judgment, the plaintiff alternatively asks the court to grant summary judgment for her. Even though she did not properly contest defendant's facts, she did file a separate Statement of Material Facts which was properly replied to by defendant.

## III. DISCUSSION

### A. Undisputed Facts.

Based on the defendant's Statement of Material Facts and M.R.Civ.P. 56(h)(2), the court finds that the following facts are not in dispute:

1. Plaintiff was injured when she stopped her car at the side of the road in front of defendant's store. (Defendant's statement of material facts ¶ 1) (DSMF ¶ __).

2. Plaintiff stepped into a pothole and injured her ankle. (DSMF ¶ 1).

3. The pothole was not located on the defendant's property. (DSMF ¶ 2).

4. The pothole was located on State property. (DSMF ¶ 3).

---

[1] M.R.Civ.P. 56 (2004), Summary Judgment

(h)(2) A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. *The opposing statement shall admit, deny or qualify the facts* by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. *Each statement shall begin with the designation "Admitted," "Denied," or "Qualified"* (and, in the case of an admission, shall end with such designation). (emphasis added).

5. The plaintiff filed a notice of claim with the State. (DSMF ¶ 4).

6. The State responded that it was immune from suit. (DSMF ¶ 5).

**B. Disputed Facts.**

In support of her own request for summary judgment, plaintiff offers a statement of five separate facts that were properly denied or qualified by the defendant.

1. Plaintiff was injured when she stepped out of her vehicle into a pothole in the parking area of [defendant's store]. (Plaintiff's statement of material facts ¶ 1) (PSMF ¶ ___). (Qualified by defendant) [2]

2. The pothole was located on the boundary between the defendant's property and the State of Maine's property. (PSMF ¶ 2). (Denied).

3. The pothole was located in the area commonly used to access the defendant's parking area. (PSMF ¶ 3). (Qualified).

4. The defendant had knowledge of and/or repaired potholes located on state owned land in the past. (See PSMF ¶¶ 4, 5). (Qualified).

However, even to the extent that any of these facts remain in dispute, they are not sufficient to counter the facts alleged by defendant and defeat the Motion for Summary Judgment.

## III. DISCUSSION

Defendant alleges that the pothole in question was not on its land; rather it was on land owned by the State of Maine. Plaintiff did not directly counter this, but argues generally that; (1) that the pothole was on the boundary line between the defendant's land and that of the state; and, (2) that the defendant has a duty to maintain the "parking area typically and customarily used as access to the parking area." Both arguments rest on the premise that defendant was responsible for repairs to land that it did not own.

**A. Duty to Repair.**

---

[2] These facts, as set out by plaintiff, are summarized in whole or in part.

3

Plaintiff's opposition to the Motion for Summary Judgment admits that plaintiff "injured herself by stepping into a pot hole located at or in close proximity to Jordan's property boundary." *See* plaintiff's opposition to defendant's Motion for Summary Judgment. Clearly, if the pothole was located on the defendant's land, it would have a duty to repair the pothole and/or warn patrons of its existence. However, it is admitted that the pothole was not, in fact, on the defendant's property but in the roadway that is owned and maintained by the State.

To make out a prima facie case of negligence, a plaintiff must establish that a duty was owed, that the duty was breached, and that the plaintiff's injuries or damages were proximately caused by the breach of that duty. *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 783.

In order to avoid summary judgment, a plaintiff must make a prima facie showing of each element of the negligence claim. *Champagne v. Mid-Maine Medical Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. Whether one party owes a duty to another is a question of law. *Trusiani v. Cumberland & York Distributors*, 538 A.2d 258, 261 (Me. 1988). A possessor of land has a duty to use reasonable care towards all persons who are lawfully on the premises. *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991), *see also Joy v. Eastern Maine Medical Center*, 529 A.2d 1364, 1365 (Me. 1987).

Before the court can determine whether a defendant owes a duty of care to a plaintiff, it must be established that the defendant was, in fact, the possessor of the land at the time of the injury. *Quadrino*, 588 A.2d at 305. A possessor of land is one who manifests intent to control the land. *Id., see also Hankard v. Beal*, 543 A.2d 1379, 1378 (Me.

4

1988). There is no evidence in the record that the defendant possessed or had intent to possess the State's land in the roadway.

The defendant did not have any possessory interest in the land where the pothole was located; therefore, the defendant did not owe the plaintiff a duty of care.

## B. Duty to Maintain.

Plaintiff cites several Maine cases for the proposition that owners are responsible for maintaining the entrance to their properties. All of the cited cases, however, deal with injuries that actually took place on land that the defendant owned. *Shaw v. Piel,* 139 Me 57, 27 A.2d 137 (1942) (plaintiff was injured by an open trap door in defendant's greenhouse) [3], *Orr v. First National Stores,* 280 A.2d 785 (Me. 1971) (injury took place inside defendant's store).

Defendant Jordan's Store did not own the land upon which plaintiff was injured and had no duty to maintain or repair it.

## C. Duty to Warn.

The Law Court has held that there is no general obligation to protect others from harm not created by the actor. *Bryan R. v. Watchtower Bible & Tract Society of N.Y.,* 1998 ME 144, ¶ 12, 738 A.2d 839, 844. Without a relationship of some type between the parties, there is no generalized duty to protect others from a dangerous situation unless

---

[3] Plaintiff also cites to *Carleton v. Franconia Co.,* 99 Mass 216 (1868), which is quoted in *Shaw:*

> The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or of the access to it, which is know to him, and not to them, and which he had negligently suffered to exist and has given them no notice of.

*Id.* However, in this case, though the plaintiff was going to do business with the defendant, she was not on land that he owned or occupied when she was injured. There was no testimony that any of the defendant's employees knew about the pothole. The fact that one of defendant's employees filled the hole after plaintiff injured herself is not enough evidence to conclude that defendant had, at some previous time, assumed the responsibility to fix any and all potholes in the vicinity.

one creates the situation. *Id.* at ¶ 14, 738 A.2d at 845. The requirement that a person protect others from dangers he creates rests on the premise that the person knows or should know of the danger.

Although the Law Court has held that non-possessors of land who negligently create a dangerous condition on land may be liable for reasonably foreseeable harms, the defendant did not create this condition, the wear on the road did. *See Colvin v. A. R. Cable Services-ME, Inc.,* 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290 (Defendant installed a cable box that interfered with passage on an outside stairway to an apartment house.).

The duty to warn regarding dangerous conditions on the land rests with the landowner if the danger is artificial. *Radley v. Fish,* 2004 ME 87, ¶ 10, 856 A.2d 1196, 1200. In this case, the duty to warn regarding the pothole, if there was such a duty, rested with the State of Maine, not the defendant.

## IV. DECISION AND ORDER

There are no material facts that remain in dispute. The clerk will make the following entry as the Decision and Order pf the court:

1. Defendant's Motion for summary judgment is granted.

2. Judgment for defendant without costs.

SO ORDERED.

Dated: June 22, 2005

Thomas E. Delahanty II
Justice, Superior Court

6

PAULA MCBREAIRTY  - PLAINTIFF

Attorney for: PAULA MCBREAIRTY
MIKLOS M PONGRATZ  - RETAINED 08/03/2004
ROBERT M NEAULT & ASSOCIATES, PA
68 ROOSEVELT TRAIL
PO BOX 1575
NAPLES ME 04055

**DOCKET RECORD**

vs
JORDANS STORE INC. - DEFENDANT

Attorney for: JORDANS STORE INC.
TRACY HILL  - RETAINED
GERMANI & RIGGLE, LLC
93 EXCHANGE ST
PORTLAND ME 04101

Filing Document: NOTICE OF REMOVAL          Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 08/03/2004

## Docket Events:

08/03/2004 FILING DOCUMENT - NOTICE OF REMOVAL FILED ON 08/03/2004
           ALL PAPERWORK RECEIVED FROM 9TH DISTRICT COURT, DIVISION OF NORTHERN CUMBERLAND COUNTY
           (DISTRICT COURT DOCKET NO: BRIDC-CV-2004-79).

08/04/2004 Party(s):  JORDANS STORE INC.
           ATTORNEY - RETAINED ENTERED ON 08/03/2004
           Defendant's Attorney: TRACY HILL

08/04/2004 Party(s):  PAULA MCBREAIRTY
           ATTORNEY - RETAINED ENTERED ON 08/03/2004
           Plaintiff's Attorney: MIKLOS M PONGRATZ

08/09/2004 Party(s):  PAULA MCBREAIRTY
           MOTION - MOTION TO WAIVE ADR FILED ON 08/09/2004
           OF PLAINTIFF PAULA MCBREAIRTY WITH PROPOSED ORDER.  DB

08/10/2004 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/04/2004
           THOMAS E HUMPHREY , JUSTICE

08/10/2004 Party(s):  PAULA MCBREAIRTY
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/10/2004
           PLAINTIFFS INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON
           DEFENDANT SERVED ON TRACY HILL, ESQ ON 8-9-04.

08/10/2004 Party(s):  PAULA MCBREAIRTY
           MOTION - OTHER MOTION FILED ON 08/09/2004
           OF PLAINTIFF'S MOTION FOR ADR EXEMPTION. AD                        CERTIFICATE OF
           SERVICE OF MIKLOS PONGRATZ, ESQ.

08/16/2004 Party(s):  PAULA MCBREAIRTY
           MOTION - OTHER MOTION GRANTED ON 08/13/2004
           THOMAS E HUMPHREY , JUSTICE

OF PLAINTIFF'S MOTION FOR ADR EXEMPTION. AD                    CERTIFICATE OF
SERVICE OF MIKLOS PONGRATZ, ESQ.                  MOTION GRANTED. COUNSEL HAS
INDICATED TO THE CLERK THAT DEFENDANT DOES NOT   OBJECT TO THIS MOTION. ON 08-16-04 COPIES
MAILED TO MIKLOS PONGRATZ, ESQ. AND TRACY HILL, ESQ. AD

08/16/2004 ORDER - SCHEDULING ORDER ENTERED ON 08/16/2004
           THOMAS E HUMPHREY , JUSTICE
           DISCOVERY DEADLINE IS APRIL 18, 2005. ON 08-16-04 COPIES MAILED TO TRACY HILL, ESQ. AND
           MIKLOS PONGRATZ, ESQ.

08/16/2004 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 04/18/2005

09/03/2004 Party(s):  JORDANS STORE INC.
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/03/2004
           DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF
           DOCUMENTS SERVED ON MIKLOS M. PONGRATZ ESQ. ON 9-2-04 (GA)

09/13/2004 Party(s):  JORDANS STORE INC.
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/13/2004
           OF DEFENDANT'S ANSWERS TO INTERROGATORIES AND DEFENDANT'S RESPONSES TO REQUEST FOR
           PRODUCTION OF DOCUMENTS SERVED ON MIKLOS M. PONGRATZ, ESQ. ON SEPTEMBER 10, 2004. AD

09/14/2004 Party(s):  JORDANS STORE INC.
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 09/13/2004
           JURY FEE PAID.

09/28/2004 Party(s):  JORDANS STORE INC.
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/28/2004
           NOTICE TO TAKE ORAL DEPOSITION OF PLAINTIFF SERVED ON MIKLOS M. PONGRATZ, ESQ. ON 9/27/04.
           LJ

10/22/2004 Party(s):  PAULA MCBREAIRTY
           MOTION - MOTION TO WAIVE ADR GRANTED ON 08/13/2004
           THOMAS E HUMPHREY , JUSTICE
           ON 8-13-04 COPIES MAILED TO ATTORNEYS.

04/14/2005 ORDER - FINAL PRETRIAL ORDER ENTERED ON 04/07/2005
           THOMAS E DELAHANTY II, JUSTICE
           RULE 16(B) PRETRIAL ORDER ENTERED. ON 04-07-05 COPIES MAILED TO TRACY HILL AND MIKLOS
           PONGRATZ, ESQS. AD

04/19/2005 Party(s):  JORDANS STORE INC.
           MOTION - MOTION SUMMARY JUDGMENT FILED ON 04/19/2005
           OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW;
           DEFENDANT'S STATEMENT OF MATERIAL FACTS WITH EXHIBITS A THRU E; REQUEST FOR HEARING. AD

04/19/2005 Party(s):  JORDANS STORE INC.
           OTHER FILING - WITNESS LIST FILED ON 04/19/2005
           OF DEFENDANT, JORDAN'S STORE, INC. AD

04/19/2005 Party(s):  JORDANS STORE INC.
           OTHER FILING - EXHIBIT LIST FILED ON 04/19/2005
           OF DEFENDANT, JORDAN'S STORE, INC. AD

04/22/2005 Party(s): JORDANS STORE INC.
MOTION - MOTION TO CONTINUE FILED ON 04/22/2005
OF DEFENDANT, JORDAN'S STORE, INC. ASSENTED-TO MOTION TO CONTINUE. AD

04/22/2005 Party(s): PAULA MCBREAIRTY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/22/2005
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED
MEMORANDUM OF LAW; STATEMENT OF MATERIAL FACTS WITH EXHIBITS A AND B; PROPOSED ORDER. AD

04/22/2005 Party(s): PAULA MCBREAIRTY
OTHER FILING - WITNESS LIST FILED ON 04/22/2005
OF PLAINTIFF'S.

04/22/2005 Party(s): PAULA MCBREAIRTY
OTHER FILING - EXHIBIT LIST FILED ON 04/22/2005
OF PLAINTIFF'S. AD

04/25/2005 Party(s): JORDANS STORE INC.
JURY FILING - PROPOSED JURY INSTRUCTIONS FILED ON 04/25/2005
OF DEFENDANT'S REQUESTED JURY INSTURCTIONS. AD

04/25/2005 Party(s): JORDANS STORE INC.
JURY FILING - PROPOSED VOIR DIRE FILED ON 04/25/2005
OF DEFENDANT'S VOIR DIRE REQUESTS. AD

04/25/2005 Party(s): JORDANS STORE INC.
JURY FILING - PROPOSED SPECIAL VERDICT FORM FILED ON 04/05/2005
OF DEFENDANT'S JURY SPECIAL VERDICT FORM. AD

04/28/2005 Party(s): JORDANS STORE INC.
OTHER FILING - REPLY MEMORANDUM FILED ON 04/28/2005
OF DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DEFENDANT'S REPLY
STATEMENT OF MATERIAL FACTS WITH EXHIBITS A, A-1, B, C, D. AD

05/05/2005 Party(s): JORDANS STORE INC.
MOTION - MOTION TO CONTINUE GRANTED ON 05/03/2005
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT THE DEFENDANT'S MOTION IS GRANTED, THIS CASE SHALL BE REMOVED
FROM THE CURRENT TRIAL LIST THAT RUNS FROM MAY 9, 2005 THROUGH JUNE 17, 2005, AND THE
TRIAL MANAGEMENT CONFERENCE CURRENTLY SCHEDULED FOR MAY 3, 2005 SHALL ALSO BE CONTINUED.
TO BE RESCHEDULED ON SEPT/OCT TRIAL LIST. AT THE DIRECTION OF THE COURT, THIS ORDER SHALL
BE INCORPORATED INTO THE DOCKET BY REFERENCE. RULE 79(A). ON 05-05-05 COPIES MAILED TO
TRACY HILL, ESQ. AN DMIKLOS PONGRATZ, ESQ. AD

06/10/2005 Party(s): PAULA MCBREAIRTY
MOTION - MOTION TO CONTINUE FILED ON 06/07/2005
OF PLAINTIFF, PAULA MCBREAIRTY. AD

06/10/2005 Party(s): PAULA MCBREAIRTY
MOTION - MOTION TO CONTINUE OTHER DECISION ON 06/10/2005
PER JUSTICE DELAHANTY ORALLY TO BE RESET FOR JUNE 22, 2004 AT 11:00 A.M.

06/22/2005 HEARING - MOTION SUMMARY JUDGMENT HELD ON 06/22/2005
          THOMAS E DELAHANTY II, JUSTICE
          Defendant's Attorney: TRACY HILL
          Plaintiff's Attorney:  MIKLOS M PONGRATZ
          HEARING HELD ON DEFENDANT, JORDANS STORE INC. MOTION FOR SUMMARY JUDGMENT. COURT TAKES
          MATTER UNDER ADVISEMENT. NO RECORD MADE.

06/22/2005 Party(s):  JORDANS STORE INC.
          MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 06/22/2005
          THOMAS E DELAHANTY II, JUSTICE
          Defendant's Attorney: TRACY HILL
          Plaintiff's Attorney:  MIKLOS M PONGRATZ

06/23/2005 Party(s):  JORDANS STORE INC.
          MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 06/23/2005
          THOMAS E DELAHANTY II, JUSTICE
          THE CLERK WILL MAKE THE FOLLOWING ENTRY AS THE DECISION AND ORDER OF THE COURT: 1.
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. 2. JUDGMENT FOR DEFENDANT WITHOUT
          COSTS. SO ORDERED. ON 06-23-05 COPIES MAILED TO MIKLOS PONGRATZ ESQ. AND TRACY HILL, ESQ.;
          MS. DEBORAH FIRESTONE, THE DONALD GARBRECHT LAW LIBRARY, GOSS MIMEOGRAPH AND LOISLAW.COM,
          INC. AD

06/23/2005 FINDING - JUDGMENT DETERMINATION ENTERED ON 06/23/2005
          THOMAS E DELAHANTY II, JUSTICE
          THE CLERK WILL MAKE THE FOLLOWING ENTRY AS THE DECISION AND ORDER OF TH ECOURT: 1.
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. 3. JUDGMENT FO R DEFENDANT WITHOUT
          COSTS. SO ORDERED. ON 06-23-05 COPIES MAILED TO MIKLOS PONGRATZ, ESQ., TRACY HILL, ESQ.,
          LOISLAW.COM, GOSS MIMEOGRAPH, THE DONALD GARBRECHT LAW AND MS. DEBORAH FIRESTONE. AD

06/23/2005 ORDER - SUMMARY JUDGMENT ENTERED ON 06/23/2005
          THOMAS E DELAHANTY II, JUSTICE
          THE CLERK WILL MAKE THE FOLLOWING ENTRY AS THE DECISION AND ORDER OF TH ECOURT: 1.
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. 3. JUDGMENT FO R DEFENDANT WITHOUT
          COSTS. SO ORDERED. ON 06-23-05 COPIES MAILED TO MIKLOS PONGRATZ, ESQ., TRACY HILL, ESQ.,
          LOISLAW.COM, GOSS MIMEOGRAPH, THE DONALD GARBRECHT LAW AND MS. DEBORAH FIRESTONE. AD
          Judgment entered for JORDANS STORE INC. and against PAULA MCBREAIRTY.

06/23/2005 FINDING - FINAL JUDGMENT CASE CLOSED ON 06/23/2005

A TRUE COPY       A True Copy
ATTEST:           Attest: _Sally A Bourget_
                           Clerk of Courts