STATE OF MAINE                              SUPERIOR COURT
YORK, ss.                                   CIVIL ACTION
                                            DOCKET NO: CV06-010
                                            GAB  -YOR- 3/12.2007

THOMAS HERRIN, as personal representative
of the Estate of Lucas A. Herrin

              Plaintiff
                                            **ORDER ON DEFENDANT**
                                            **DANIELLE LEAVITT'S**
                                            **MOTION FOR SUMMARY**
                                            **JUDGMENT**
        v.

JOHN LEAVITT, et al.                        DONALD L. GARBRECHT
                                              LAW LIBRARY
              Defendants
                                            **MAY 1 6 2007**

This matter comes before the Court on defendant Danielle Leavitt's

motion for summary judgment pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

Plaintiff Thomas Herrin ("Mr. Herrin") is the personal representative of

the Estate of Lucas Herrin, his son. Defendant John Leavitt ("John") is a resident

of Parsonsfield, Maine. Defendant Danielle Leavitt ("Danielle") is John's

daughter, and third-party defendant James Leavitt ("James") is John's brother.

On June 26, 2005, a tree fell onto the roof of Marguerite Leavitt's residence

at 28 Leavitt Road in Hiram, Maine. John, her son, is a co-owner of the home,

and he hired Jim Price to remove the tree, as the insurance company had stated

that it would only repair the roof. Mr. Price moved the tree from the roof to the

ground and offered to cut it up, but John declined this offer because he wanted to

sell the wood and was unsure in what way it should be cut. John was

1

experienced with cutting wood and sold firewood to supplement his income. He also planned to use some of the wood for himself.

On July 2, 2005, John returned to his mother's residence to finish clearing the tree. His seven-year-old grandson, Spencer Leavitt, was in the yard helping him pick up branches. James Leavitt also went to his mother's house that day to mow the lawn, accompanied by his grandson, Lucas Herrin, who was age four at the time. Shortly after his arrival, Spencer and Lucas met and started playing together in the yard. John continued de-limbing the tree and stacking debris. After he had been working for approximately one hour, his daughter, Danielle, arrived and helped him clear limbs and branches. She had approximately four years of experience helping her father split wood. John began using a chainsaw to cut the rest of the tree, and he showed Danielle how to operate it, which she had not done before. After watching her father, Danielle briefly used the chainsaw before John resumed using it. She continued watching her father as he prepared to cut the root bulb, which they both anticipated would fall back into the hole where the tree had been. Danielle and John assumed the boys were inside, because Danielle had seen them go into the house and John had heard Spencer say that they were going inside to play a game.

At some point, however, Lucas and Spencer re-entered the yard. The parties dispute whether John and Danielle were aware that the boys were playing nearby while they operated the chainsaw. Danielle testified in her deposition that she did not think they were in the work area, but also noted that she could not see around the tree root because it was so large.[1] Also, both John and Danielle admitted that neither of them warned the boys to stay away,

---

[1] Danielle Leavitt Deposition, page 23, lines 1-5.

cordoned off the area, or took other precautions.[2] The boys apparently were playing in the hole where the tree stump had been removed when John began to cut the tree. As he cut the trunk, the root bulb fell back into the hole. Spencer was trapped half in and half out of the hole, and he escaped with the adults' help. But, Lucas was trapped and he suffocated before the adults could move the heavy roots to get him out of the hole. He was pronounced dead at the scene.

In January 2006, in his capacity as personal representative of his son's estate, Herrin brought a statutory wrongful death action against John. John raised the affirmative defenses of failure to state a claim upon which relief can be granted, as well as negligence of Lucas and other non-parties. He then filed a third-party complaint against James for contribution. Herrin later moved to amend the complaint to add Danielle as a defendant, and this Court granted the motion. The amended complaint included Danielle in previously raised allegations, but did not add any new allegations or counts specific to her. Danielle also filed a third-party complaint for contribution against James. Danielle now moves for summary judgment on the ground that she owed no duty of care to Lucas; third party defendant James Leavitt opposes the motion.

## DISCUSSION

### 1. Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a

---

[2] See Danielle Leavitt Deposition, page 25, lines 14-17 and page 27, line 10; John Leavitt Deposition, page 26, lines 20-22.

3

fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2.     Did Danielle Owe Lucas a Duty of Care?

A plaintiff bears the burden to establish a prima facie case for each element of a negligence cause of action, including that a duty existed and that the duty was breached, proximately causing damages. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577, 579 (citations omitted). A party has a duty of care when he or she "is under an obligation for the benefit of a particular plaintiff." *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991). Whether a duty of care exists is a legal question. *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220, 222 (Me. 1995). "A defendant is entitled to judgment as a matter of law on a negligence claim if that defendant owes no duty to the plaintiff." *Budzko v. One City Ctr. Assocs. Ltd. Partn.*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313. When this Court assesses whether a legal duty existed, it can consider the foreseeability of harm, although foreseeability is not determinative. *See Colvin v. A R Cable Services-Me, Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290 ("A non-possessor [of land] who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms").

Here, Danielle contends that because she did not own or possess the property, she owed no duty of care to Lucas. The Law Court reached a similar

4

conclusion where plaintiff was walking from a motel into a city, and as he crossed the defendant bank's driveway, he tripped on a curb and fell. *Quadrino*, 588 A.2d at 304. The Court held that the bank did not control the area and, therefore, it was not the possessor of the land where the plaintiff fell and it owed him no duty of care. *Id*. at 305.

In this case, it is undisputed that, like the bank in *Quadrino*, Danielle did not own the land on which the tree was located and she is not liable on that basis. The issue then becomes whether, as a non-possessor, Danielle owed Lucas a duty of care under *Colvin* to avoid creating dangerous conditions on the land. There is no genuine issue of material fact regarding Danielle's involvement in her father's efforts to remove the tree. She did not create the hazardous condition on the property. John had requested her assistance with removing debris that day because she had helped him before, but Danielle did not arrive with any special equipment other than gloves. Although she briefly participated in the operation of the chainsaw, her primary role was to pick up tree limbs and debris and to observe her father so she could learn how to use the equipment. This minimal level of involvement in what was primarily her father's chore is not the type of participation necessary to create a legal duty of care.

While it might have been prudent for John or Danielle to warn the children to stay away from the work area, Danielle was not placed in charge of supervising the children. In addition, she was unaware that they were near the work area at the time of the accident, which indicates that she could not reasonably foreseeable that the boys would be playing in the very hole in which the tree bulb was to fall. Because Danielle did not owe Lucas a legal duty of care, judgment must be entered in her favor.

5

The entry is:

Defendant Danielle Leavitt's motion for summary judgment is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 3/12/07

G. Arthur Brennan
Justice, Superior Court

Guy D. Loranger, Esq. - PLS
James B. Main, Esq. - DEF. JOHN LEAVITT
Deborah A. Buccina, Esq. - DEF. DANIELLE LEAVITT
Jonathan Brogan, Esq. - T/P DEF. JAMES LEAVITT

6