STATE OF MAINE                                          SUPERIOR COURT
                                                         CIVIL ACTION
YORK, ss.                                            DOCKET NO. CV-06-023
                                                     GAR -  /  (   /

JAMES R. LEVESQUE,

              Plaintiff

       v.                                                  ORDER

FRONT STREET ASSOCIATES d/b/a
LINDEN APARTMENTS,

              Defendant

       This matter comes before the Court on Defendant's motion for summary

judgment pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

       Plaintiff James Levesque ("Levesque") is a resident of Sanford, Maine.

Defendant Front Street Associates, d/b/a Linden Apartments ("FSA") is a limited

partnership located in Sanford, Maine. FSA operates a housing complex called Linden

Apartments on Front Street in Sanford. On February 14, 2004, as Levesque was walking

by Linden Apartments on a sidewalk abutting Front Street, he slipped and fell on

allegedly untreated ice which had collected on the walkway.

       The central dispute in this case is who owned the walkway on which Levesque

fell, the Town or FSA. FSA acquired property from Hannaford Brothers Co. in 1983 in

order to build what is now Linden Apartments. The Town's site plan approval for

FSA's proposed apartment complex was contingent upon realignment of Front Street to

resolve safety concerns. The Town asked FSA to convey a forty-foot wide triangular

parcel to facilitate the street adjustment. FSA transferred that part of the land to the

Town, which included a portion of Front Street from Linden Avenue to William Oscar Emery Drive.[1] The Front Street realignment occurred in 1984, and the Town voted to accept the new layout of the street in November of that same year. FSA claims that Levesque's fall occurred near the end of the retaining wall, where the sidewalk next to Front Street slopes downhill away from the apartment complex. It claims that this is within the area it conveyed to the Town of Sanford. Levesque, who had been walking on the road that day and at some point began walking on the sidewalk, claims that he was on FSA's property at the time he fell.

In April 2004, Levesque notified the Town of his tort claim. In June 2004, the Town notified him that it was denying his claim due to immunity. He filed the instant lawsuit against FSA in January 2006. Levesque contends that he fell while still walking on FSA's property, just after cresting the hill. FSA raised the affirmative defenses of failure to state a claim, comparative fault, failure to mitigate damages, and intervening or superseding causes. FSA now moves for summary judgment on the basis that it does not own the sidewalk on which Levesque fell; therefore, as a matter of law, it cannot have been negligent because it owed no duty. Levesque maintains that there are genuine issues of material fact as to who owned that portion of the sidewalk.

## DISCUSSION

1.     Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing

---

[1]     The Town Planner indicated that a deed was not necessary, as a dedication and acceptance occurred at a 1984 Town meeting. No deed was recorded, but FSA did see that its lender released that portion of its property from the mortgage.

2

versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### 2.    Is There a Genuine Issue of Material Fact Regarding FSA's Duty of Care?

A plaintiff bears the burden to establish a prima facie case for each element of a negligence cause of action, including that a duty existed and that the duty was breached, proximately causing damages. *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577, 579 (citations omitted). A party has a duty of care when he or she "is under an obligation for the benefit of a particular plaintiff." *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991). Whether a duty of care exists is a legal question. *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220, 222 (Me. 1995). "A defendant is entitled to judgment as a matter of law on a negligence claim if that defendant owes no duty to the plaintiff." *Budzko v. One City Ctr. Assocs. Ltd. Partn.*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313.

For example, when a plaintiff fell on the icy stairs of the defendant's building, the Law Court held that the defendant business owed her a duty of care and upheld a jury verdict in her favor. *Budzko*, 2001 ME 37, ¶ 16, 767 A.2d at 315. Conversely, in *Quadrino*, the plaintiff was walking from a motel and restaurant into a city, and as he crossed the defendant bank's driveway, he tripped on a curb and fell. 588 A.2d at 304. The Law Court held that the bank did not control the problem area and, therefore, it

3

was not the possessor of the land where the plaintiff fell and it owed him no duty of care. *Id.* at 305.

To determine whether FSA owed Levesque a duty of care in the instant case, this Court must first determine whether the Town of Sanford or FSA possessed or controlled the sidewalk on which Levesque fell. Although the sidewalk runs next to Linden Apartments, Front Street has demonstrated that it conveyed that portion of its land to the Town when the area was initially developed. FSA could prove that Front Street is a town road by showing either that the Town accepted it per statute, that there was a proper dedication and acceptance, or that there was prescriptive use. *See Avaunt v. Town of Gray*, 634 A.2d 1258, 1260 (Me. 1993). "Dedication is an appropriation of land to some public use, made by the owner, and accepted for such use by or on behalf of the public." *Vachon v. Inhabitants of the Town of Lisbon*, 295 A.2d 255, 260 (Me. 1972) (citations omitted). The intent to make a dedication must be clear. *Id.* Here, the record clearly demonstrates that FSA intended to dedicate the disputed area and the Town clearly manifested its intent to accept as shown by the November 20, 1984 Town Meeting vote. These steps are legally sufficient to show that the Town gained at least possession and control, if not full ownership, of the disputed area of Front Street.

Thus, even viewing the facts in the light most favorably to Levesque, like the bank in *Quadrino*, FSA did not possess or control the sidewalk outside of Linden Apartments. Additional undisputed facts support this conclusion. At his deposition, Levesque himself indicated the approximate location of his fall by marking a photo. Although he contends that this was just an approximation, and assuming that it is not completely accurate, the mark still indicates a fall on the sidewalk abutting Front Street, which the Town possesses and maintains. For these reasons, there is no genuine issue of

4

material fact about the ownership and/or possession of the sidewalk, which was not in

FSA's possession or control. Summary judgment is granted in favor of FSA.

The entry will be as follows:

Defendant's Motion for Summary Judgment is Granted.


Dated:        March 28, 2007

G. Arthur Brennan
Justice, Superior Court


Peter Clifford, Esq. - PL
Cornelia Fuchs Fisher, Esq. - DEF