STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss  SUPERIOR COURT
CLERK'S OFFICE  CIVIL ACTION
Docket No. CV-06-282
2007 DEC 28 A 11: 02

WILLIAM HOOPS,

Plaintiff,

v.

PR RESTAURANTS LLC,
d/b/a PANERA BREAD,

and

CORNERBROOK LLC,

Defendants.

DECISION AND ORDER
ON MOTIONS FOR
SUMMARY JUDGMENT

## I. BEFORE THE COURT

This matter is before the court on motions for summary judgment by both defendants. PR Restaurants LLC, d/b/a Panera Bread ("Panera"), and Cornerbrook LLC ("Cornerbrook"), and a motion by Panera to bifurcate the trial by separating the trial on plaintiff's personal injury claims from a trial on defendants' cross claims. Panera's motion to bifurcate is not opposed.

## II. BACKGROUND

This negligence suit arises from the plaintiff, William Hoops' ("Hoops"), fall in front of Panera on a sidewalk owned by Cornerbrook. Hoops is an 82-year-old man who was with his friend, Gordon Hurtubise, on January 10, 2006. The two men were planning to eat lunch at Panera. As the two men walked toward the restaurant, Hoops stepped up over the curb onto the sidewalk where he fell and suffered personal injuries which required surgery.

Hoops claims that he felt his foot go into a hole just before he fell. He was subsequently hospitalized and underwent surgery as a result of his injuries. Neither Hoops nor Hurtubise inspected the curb at the time of the fall, but later went back to the site and discovered a "chip" in the curb in front of Panera. They both believe this is what caused Hoops to fall.

Hoops has filed a two-count complaint against Panera and Cornerbrook alleging negligence and premises liability. In turn, Panera filed a cross-claim against Cornerbrook alleging breach of contract and seeking indemnification and/or contribution from Cornerbrook in the event that Panera is held liable for negligence.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a *prima facie* case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

2

## B. Panera's Motion for Summary Judgment

The burden is on the plaintiff to establish a *prima facie* case for each element of negligence cause of action, including that a duty existed that the duty was breached, proximately causing damages. *Dunham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577, 579 (citations omitted). A party has a duty of care when he or she "is under an obligation for the benefit of a particular plaintiff." *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991). Whether a duty of care exists is a legal question. *Pelletier v. Fort Ken Golf Club*, 662 A.2d 220, 222 (Me. 1995). "A defendant is entitled to judgment as a matter of law on a negligence claim if that defendant owes no duty to the plaintiff." *Budzko v. One City Ctr. Assocs. Ltd. Partn.*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313.

### 1. Duty and Breach of Duty

Possession and control are generally required to establish that an occupier of land owes a duty of care to those present on the premises. See *Quadrino*, 588 A.2d 303 (Me. 1991). For example, in *Quadrino*, the plaintiff was walking from a motel and restaurant into a city, and as he crossed the defendant bank's driveway, he tripped on a curb and fell. 588 A.2d at 304. The Law Court held that the bank did not control the particular area where the plaintiff fell and thus owed him no duty of care. *Id.* at 305. The relevant inquiry was whether "the defendant was, in fact, the possessor of the land at the time of the injury." *Id.*

However, mere ownership of the land is not a necessary prerequisite to a finding of possession and control. See *Pelletier*, 666 A.2d 220 (Me. 1995), *Quadrino*, 588 A.2d 303, 304 (Me. 1991). In *Pelletier*, a woman was injured at a golf club when a golf ball ricocheted off railroad tracks that were not owned by the golf club, but crossed one of

3

the course fairways. 662 A.2d at 221. The golf club argued that it owned no duty to plaintiff because the railroad tracks were not located on its property. *Id.* The Law Court disagreed, holding that the club did have a duty to the plaintiff because it "possesse[d]" the land by "manifest[ing] an intention to have control over" it. *Id.* Furthermore, the club had "invited golfers to use" the land by incorporating the tracks into the course. *Id.*

While possession and control are generally required to establish a duty of care for occupiers of land, business invitees are also entitled to reasonably safe means of ingress and egress. *Libby v. Perry*, 311 A.2d 527, 535 (Me. 1973). In *Libby*, a man slipped on an icy rut in the ground as he was leaving a dance at the Augusta State Armory. *Id.* at 529. The Armory Committee argued that it owed no duty of care to the plaintiff because it did not possess or control the area where he fell. *Id.* at 535. The Law Court acknowledged that the place where the plaintiff fell was not part of the Armory Committee's lease, but held that they did owe a duty of reasonable care to the plaintiff "to provide him with walkways or areaways reasonably safe from unreasonable risk and harm." *Id.* at 536.

Panera argues that it owed no duty to Hoops because it did not own, possess, or maintain the sidewalk where Hoops fell. Panera asserts that Cornerbrook is the owner of the outside areas and had previously explicitly agreed in the lease to maintain them. It points to a recent Superior Court decision, *Levesque v. Front Street Assocs.*, CV-06-23 (Me. Super Ct., Yor. Cty., March 28, 2007) (Brennan, J.), to argue that it has no duty because it does not own the sidewalk where Hoops fell. *Levesque* is a different case, however, because the plaintiff was merely walking by the defendant's premises on a sidewalk owned by the city, and was not a business invitee of the defendant. *Id.* Furthermore, it contends that in a multi-tenant retail and office plaza, as is

4

Cornerbrook, there is no way for any one tenant to anticipate which business a customer intends to visit.

Hoops admits essentially every statement of fact regarding Panera's lack of ownership and maintenance of the sidewalk, but argues that because the sidewalk is the primary approach to the business, Panera owes a duty to customers to keep it free from defects. Additionally, he contends that Panera failed to reasonably inspect the sidewalk. Finally, Hoops asserts that he fell right in front of the main entrance to Panera.

Under the Law Court's decision in *Libby*, Panera does have a duty to ensure that the sidewalk is safe for potential customers. The question then becomes whether Panera breached that duty, which is a question of fact. *See Alexander v. Mitchell*, 2007 ME 109, ¶ 14, 930 A.2d 1016, 1020 (while the existence of duty is a question of law, the question of whether a party was negligent is one of fact). Nevertheless, a plaintiff must still make a *prima facie* showing of each element of negligence to survive summary judgment. *Durham*, 2005 ME 53, ¶ 8, 870 A.2d at 579.

Panera argues that Hoops has not made a *prima facie* showing that it breached any duty because Hoops has not shown the existence of any dangerous condition. Alternatively, Panera argues that if a dangerous condition did exist, it had no obligation to warn customers because it did not have notice of any defect, and that any danger was open and obvious. Panera refers to Hoops' deposition testimony, in which he stated that if he had been looking at his feet while he was walking, he would have seen the defect and avoided it. The test for notice of a dangerous condition is whether a business "knows or should have known of a risk to customers." *Currier v. Toys 'R' US Inc.*, 680 A.2d 453, 455 (Me. 1996); *see also Restatement 2nd of Torts* § 343. Whether or not a dangerous condition existed is a question of fact.

The burden is on the plaintiff to show notice, and there are some circumstances in which a business will be charged with constructive notice. *Id.* There is no duty to warn, however, when the danger is "open and obvious," "unless the possessor should anticipate the harm despite knowledge or obviousness of the harm to the invitee." *Coffin v. Lariat Assoc.*, 2001 ME 33, ¶ 12, 766 A.23d 1018, 1020.

There is nothing in the record to show that Panera had actual notice of the damaged curb, however, Hoops contends that Panera should be charged with constructive notice because the damage to the curb appears to have existed for a period of time and its employees traveled over the sidewalk every day. He primarily relies on *Currier*, where the Law Court determined that Toys 'R' US had constructive notice of a wet floor because the employees could see that it was raining outside and saw customers track in water into the store. *Currier* at 680 A.2d at 454. Viewing the facts in the light most favorable to Hoops, he has made a *prima facie* showing that Panera might not have exercised reasonable care. Because he has generated a genuine issue of material fact as to breach of duty, summary judgment cannot be granted.

## 2. Causation

Proximate cause is also a question of fact, and "judgment as a matter of law is inappropriate if any reasonable view of the evidence could sustain a finding of proximate cause." *Houde v. Millett*, 2001 ME 183, ¶ 11, 787 A.2d 757. Summary judgment is appropriate, however, "if there is so little evidence tending to show that the defendant's act or omissions were the proximate cause of the plaintiff's injuries that the jury would have to engage in conjecture or speculation in order to return a verdict for the plaintiff." *Id.*

Panera argues that even if it did breach a duty owed to Hoops, that breach was not the proximate cause of any injury to him. It claims the cause of the fall is more

likely the result of Hoops' age and his tendency to suffer falls. Hoops, however, has presented evidence that he fell on the sidewalk in front of Panera and was injured. He asserts that although he was unable to thoroughly inspect the sidewalk at the time he fell, because he was more concerned with treating his injuries, he felt his foot go into a hole just before he tripped. Furthermore, he and Hurtubise later returned to the spot and discovered a "chip" in the sidewalk. He contends that the location of the chip is also the place where he fell.[1]

Viewing the facts in the light most favorable to Hoops, the court finds that he has made a *prima facie* case for negligence. He testified at his deposition that he was going to Panera, and that he felt his foot go into a hole in the curb on the sidewalk before he fell. He later confirmed that there was, in fact, a chip in the curb. Simply because Hoops was not looking at his feet while he was walking and thus didn't see the defect does not mean the danger was open and obvious.[2] Whether or not the chip was the proximate cause of his fall and subsequent injuries is a question for the fact finder.

## B. Cornerbrook's Motion for Summary Judgment

Cornerbrook's motion focuses almost exclusively on the issue of causation, arguing that Hoops cannot even show that anything at all caused him harm, let alone that his injuries were the result of a breach of Cornerbrook's duty to him. Cornerbrook emphasizes the fact that neither Hoops nor Hurtubise investigated the curb at the time of the injury to see what caused the fall. It contends that because neither man can show

---

[1] Panera argues that the affidavits of Hoops and Hurtubise should be stricken because they clearly contradict the prior deposition testimony. *Zip Lube Inc. v. Coastal Savings Bank*, 1998 ME 81, ¶ 10 (an interested witness cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory to previous testimony). While the affidavits provide more detailed information about the curb and include several statements that are conclusory, there is nothing that clearly contradicts prior testimony.

[2] None of the parties have supplied a picture of the curb with their pleadings.

that Cornerbrook knew of the chip at the time of the fall and that there is a discrepancy between the two men's recollections of where exactly Hoops stepped onto the curb, a jury could only engage in speculation as to the cause of the fall.

Hoops makes the same arguments in response to Cornerbrook as he did in response to Panera. He asserts that just before he fell, he felt his foot go into a hole in the sidewalk. He admits that his recollection of what happened before he fell differs somewhat from that of Hurtubise, but contends that they both agree on the location and the cause of the fall. He asserts that it is clear that the chip in the curb has existed for some time because it has been painted over and the paint is flaking.

As stated above, there is sufficient evidence to support a finding of causation and summary judgment is therefore not appropriate. Any discrepancies in the recollections of Hoops and Hurtubise go to the issue of credibility, which is a matter for the fact finder. See *Arrow Fastener Co. Inc. v. Wrabacon Inc.*, 2007 ME 34, ¶ 16, 917 A.2d 123, 126.

## C. Panera's Motion to Bifurcate the Trial

Panera asks the court to bifurcate Hoops' claims against the defendants from Panera's cross-claims against Cornerbrook. There is no objection to the motion. Considering the issues raised and the separation of issues for the jury and court (e.g. counsel fees), the motion should be granted.

## IV.    DECISION AND ORDERS

The clerk will make the following entries as the decision and orders of the court:

**A.** Motion for summary judgment by defendant PR Restaurants, LLC, d/b/a/ Panera Bread, is denied;

**B.** Motion for summary judgment by defendant Cornerbrook, LLC is denied;

**C.** Motion by PR Restaurants, LLC to bifurcate the trial of plaintiff's negligence claims from Panera's cross-claim is granted.

SO ORDERED.

DATED:      December 27, 2007

_____
Thomas E. Delahanty II
Justice, Superior Court

9

aine 04112-0287

DAVID PERKINS ESQ
PO BOX 449
PORTLAND ME 04112

*Plaintiff*

DUX 287
aine 04112-0287

ELIZABETH GERMANI ESQ
93 EXCHANGE STREET
PORTLAND ME 04101

*PR Resl. d/b/a Panera Bread*

F COURTS
and County
3ox 287
ne 04112-0287

WENDELL LARGE ESQ
PO BOX 9545
PORTLAND ME 04112

*Defendants Corner Brick LLC*