STATE OF MAINE
HANCOCK, ss:

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-077
KMC - HAN - ?

CHRISTINE GRAY,              )
                            )
        Plaintiff,          )
                            )
    v.                      )        **DECISION AND ORDER**
                            )
SCHOOL UNION 98, and        )
TOWN OF BAR HARBOR,         )
                            )
        Defendants.         )


    Defendant School Union 98 filed a motion for summary
judgment together with an affidavit, statement of material
facts, and supporting memoranda on September 4, 2008.
Plaintiff filed an opposing statement of material facts
along with an affidavit and memoranda in opposition.
Plaintiff also filed a supplemental memorandum with an
attachment.

### STANDARD OF REVIEW

    Summary judgment is appropriate "if the record
reflects that there is no genuine issue of material fact
and the movant is entitled to a judgment as a matter of
law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573,
575. "A genuine issue of material fact exists when there
is sufficient evidence to require a fact-finder to choose
between competing versions of the truth at trial." *Lever
v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178,
1179. In its statement of material facts, a party "must
explicitly admit, deny, or qualify facts by reference to
each numbered paragraph, and a denial or qualification must
be supported by a record citation." *Doyle v. Dep't of
Human Servs.*, 2003 ME 61, ¶ 10, 824 A.2d 48, 52 (quoting
*Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6 n. 5, 770 A.2d
653, 655). "Facts contained in a supporting or opposing
statement of material facts, if supported by record
citations as required by this rule, shall be deemed
admitted unless properly controverted." *Stanley v. Hancock
County Comm'rs*, 204 ME 157, ¶ 13, 864 A.2d 169, 174. A
party who submits an unnecessarily long, convoluted, or

1

repetitive statement of material facts runs the risk of having a motion denied on that basis. *Id.* ¶ 29, 864 A.2d at 179.

## DISCUSSION

Plaintiff alleges that, while visiting the Connors Emerson School, she fell on an uneven floor surface in the entryway of the school, suffering temporary and permanent injuries.

The affidavit of Robert Liebow establishes as uncontested fact that the School Union is made up of multiple school departments. The School Union provides support to member departments but owns no property, such as the Connors Emerson Elementary School in Bar Harbor. Likewise, the affidavit establishes that the School Union has executed no contracts for maintenance or renovation of the buildings within the member departments. Neither Plaintiff's response to Defendant's statement of material facts nor Plaintiff's statement of additional material facts raise any genuine issues of material fact that would require a choice between competing versions of the truth. *See Lever*, 2004 ME 35, ¶ 2, 845 A.2d at 1179. In short, Plaintiff has failed to set forth any facts that would support the existence of a duty owed by Defendant School Union 98 to Plaintiff, which the Union could be said to have breached!

In terms of a duty of care, the issue is whether this Defendant, School Union 98, is under any obligation or duty for the benefit of Plaintiff, Christine Gray. *Alexander v. Mitchell*, 2007 ME 108, ¶ 14, 930 A.2d 1016, 1020. "A duty is 'an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another.'" *Budzko v. One City Ctr Assocs.*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313 (quoting *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991)). Generally, that duty arises from the existence of a property interest between the parties or a contract.[1] Plaintiff has cited no facts supporting the existence of a duty in either its response to Defendant's statement of material facts nor in the additional statement of material facts Plaintiff has submitted.

---

[1] The cases cited in *Alexander*, 2007 ME 108, ¶¶ 14-16, 930 A.2d at 1020, and *Budzko*, 2001 ME 37, ¶¶ 10-12, 767 A.2d at 313-14, provide numerous examples and discussions of the situations in which a duty arises.

2

There are no genuine issues of material fact that would support the denial of a motion for summary judgment. On the facts that are undisputed, there is no basis to impose a duty on Defendant School Union 98 in favor of and for the benefit of Christine Gray. Absent the existence of such a duty, Plaintiff is unable to sustain her claim for negligence against Defendant School Union 98.

## CONCLUSION

The motion for summary judgment in favor of School Union 98 is granted.

The entry is:

> 1. The motion for summary judgment is **GRANTED** in favor of Defendant School Union 98.
>
> 2. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: October 31, 2008

_____
Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

OCT 31 2008

HANCOCK COUNTY
COURTS

3