2004 ME 87

**Willard RADLEY et al.**

v.

**Russell FISH.**

Supreme Judicial Court of Maine.

Argued: May 13, 2004.
Decided: July 19, 2004.

---

David Glasser, Esq. (orally), Camden, for plaintiffs.

Alton C. Stevens, Esq. (orally), J. William Druary, Esq., Daniel I. Billings, Esq., Marden, Dubord, Bernier & Stevens, Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS,* and LEVY, JJ.

* Although not available at oral argument, Justice Calkins participated in this opinion. *See*

CLIFFORD, J.

[¶ 1] Willard Radley and Dedde Radley, individually and as next friends of their minor child Eric Radley, appeal from a judgment entered in the Superior Court (Knox County, *Jabar, J.*). They challenge the summary judgment (*Atwood, J.*) entered in favor of Russell Fish on the Radleys' complaint. The Radleys contend that Fish owed a duty of care to Eric, and that the Superior Court erred by concluding that Fish did not owe Eric a duty to keep Fish's lot safe or to warn Eric of any hazardous condition on Fish's lot. Unpersuaded by the Radleys' contentions, we affirm the judgment.

## I. BACKGROUND

[¶ 2] In 1998, Fish owned property on Gay Street in Rockland, which he used to store construction equipment, building materials, discarded automobiles, automobile parts, and salvaged asphalt that he used in his business. On August 11, 1998, Eric, who was eight-years-old at the time, was riding his bicycle on Fish's property. Eric left the property via the driveway, which was lined with overgrown weeds. Eric came to a complete stop at the end of the driveway and then took a left turn onto Gay Street. Eric's bicycle collided with an automobile being driven by Beverly Gunn on Gay Street, and Eric was injured.

[¶ 3] Eric's parents, acting individually and on behalf of Eric, brought a complaint against Fish and Gunn alleging, against Fish, attractive nuisance and negligence in separate counts. A summary judgment was subsequently entered in favor of Fish. As to attractive nuisance, the court concluded that the limited liability for recreational or harvesting activities statute, 14 M.R.S.A. § 159–A (2003), relieved Fish from owing a duty to Eric to keep his lot safe or warn of any hazardous condition. The court also found that the Radleys had not presented any evidence that Fish's actions rose to the level of a willful failure to guard or warn against a dangerous condition, which could have provided an exception to section 159–A(2) and resulted in a duty owed. With regard to the Radleys' claim against Fish for negligence, the court also concluded that, pursuant to section 159–A(2), Fish owed no duty to Eric, for the same reason that there was no duty arising out of attractive nuisance.

[¶ 4] After the entry of the summary judgment, the parties agreed to dismiss Gunn from the case with prejudice pursuant to M.R. Civ. P. 41, and the Radleys brought this appeal from the final judgment entered by the Superior Court.

## II. ANALYSIS

[¶ 5] The Radleys contend that Fish owed Eric three separate duties of care. The Radleys contend that Fish had a duty, both at common law and pursuant to the Rockland Zoning Ordinance, to erect a barrier to prevent Eric from entering the property. They assert that, pursuant to the attractive nuisance doctrine, Fish had a duty to protect Eric from harm while Eric was on the property. Finally, the Radleys contend that Fish owed Eric a duty to protect him from off-premises injury caused by conditions on Fish's property.

[¶ 6] We review a court's decision to grant a summary judgment de novo for errors of law. *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. The decision will be affirmed "if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Id.* The determina-

M.R.App. P. 12(a) (stating that a "qualified justice may participate in a decision even though not present at oral argument").

tion of whether a duty exists is a question of law that we review de novo. *Parrish v. Wright,* 2003 ME 90, ¶ 18, 828 A.2d 778, 783.

[¶ 7] Because Fish's use of his lot was not one of the permitted uses in a residential zone, and there were no "physical barriers sufficient to prevent small children from entering the premises," Rockland, Me., Zoning Ordinance § 19–316(I), Fish's property was not in compliance with the Rockland Zoning Ordinance. In order to create liability, however, there must be a duty owed. *See Jones v. Billings,* 289 A.2d 39, 41 (Me.1972). The violation of a safety statute or ordinance does not by itself create a duty. *Id.* The same holds true for Fish's failure to trim the weeds along the end of his driveway to the height of ten inches, which was the maximum height permitted by the BOCA National Property Maintenance Code of 1990, in effect in the City of Rockland.

[¶ 8] Moreover, as to the Radleys' claim that Fish is liable because his property is an attractive nuisance, the doctrine does not apply here.[1] Eric's injury occurred *off* the property, and the attractive nuisance doctrine, the recreational use statute,[2] and other laws relating to Fish's duty of care to those on his property are not applicable.

[¶ 9] The Radleys' final contention, that Fish owed Eric a duty to protect him from injury sustained off Fish's property, but caused by conditions on Fish's land, is twofold. First, they contend that Fish had a duty to protect Eric from injury caused by an artificial condition on Fish's land, i.e., "the unity of Fish's use of the property for outside storage without a barricade." The Radleys contend that had it not been for the "artificial condition," Eric would not have been able to enter the land, and therefore, he would not have exited the land, which is when he sustained his injury.[3] Second, they contend that Fish had a duty to protect Eric from injury caused by a natural condition on Fish's land, i.e., the overgrown weeds along the end of the driveway.

[¶ 10] Contrary to the Radleys' contention, there is no artificial condition on Fish's land that is connected to the collision that occurred in this case. In *Parrish,* 2003 ME 90, ¶ 20, 828 A.2d at 783, we

---

1. The attractive nuisance doctrine subjects possessors of land to liability for injury caused to children trespassing on the land when the injury is caused by an artificial condition and the possessor knew or had reason to know that children are likely to trespass and that the condition exists and will involve an unreasonable risk of death or serious bodily harm. *Collomy v. Sch. Admin. Dist. No. 55,* 1998 ME 79, ¶ 9, 710 A.2d 893, 895–96. In addition, the children must be prevented from discovering the condition or appreciating its danger because of their youth, the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared to the risk, and the possessor fails to exercise reasonable care. *Id.* at 896.

2. The recreational use statute provides:

   An owner, lessee, manager, holder of an easement or occupant of premises does not have a duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes.

   14 M.R.S.A. § 159–A(2) (2003). This statute applies regardless of whether permission was given to use the land, *id.,* and also applies to minors, *Stanley v. Tilcon Me., Inc.,* 541 A.2d 951, 953 (Me.1988).

3. In their reply brief, and also at oral argument, the Radleys also contended that the condition that injured Eric was the driveway, which is artificial. This contention is without merit as the Radleys do not attempt to make any further connection between the driveway and Eric's injury; all along, they have contended that it was the weeds growing along the driveway that obstructed Gunn's view, causing the collision with Eric.

recognized that a landowner could have a "duty to those outside one's property with respect to dangerous conditions on the land," and cited the RESTATEMENT (SECOND) OF TORTS § 364 (1965), *Parrish*, 2003 ME 90, ¶ 20 n. 4, 828 A.2d at 783. Section 364, however, applies only to artificial conditions on the landowner's land.[4] RESTATEMENT (SECOND) OF TORTS § 364. Here, there is no artificial condition to which section 364 could apply. *See id.* § 363 cmt. b; BLACK'S LAW DICTIONARY 290 (7th ed.1999). Although the Radleys contend that the artificial condition in this case is "the unity of Fish's use of the property for outside storage without a barricade," they are not contending that any of the items Fish stored caused Eric's injury. Instead, the Radleys are really contending that the lack of a fence is the artificial condition causing Eric's injury. The failure to erect a fence is not an affirmative act and does not alter the natural condition of the property. Therefore, section 364 does not apply.

[¶ 11] With respect to natural conditions on Fish's property, the Radleys urge us to adopt the following rule:

> [W]here there is a foreseeable risk of bodily injury to passers by on an urban public way because of interference with visibility caused by overgrown weeds on an adjacent, private commercial land, the owner of the property must use reasonable care to protect the passers by

from harm proximately caused by that condition.

We decline to create such a duty in Fish, as a landowner, to trim the weeds along the end of his driveway or run the risk of the kind of liability that the Radleys seek to impose on him.[5] The consequences of imposing such a legal duty on a landowner to control natural conditions on the landowner's property for the benefit of those off the property are too severe. *See Cameron v. Pepin*, 610 A.2d 279, 282 (Me.1992) (stating that the determination of the scope of a defendant's duty rests not only on foreseeability, but also other policy considerations).

[¶ 12] "To establish a prima facie case of negligence, a plaintiff must establish that a duty was owed, the duty was breached, and the plaintiff's injuries or damages were proximately caused by the breach of that duty." *Parrish*, 2003 ME 90, ¶ 18, 828 A.2d at 783. Because Fish did not owe Eric a duty to trim the weeds along the end of his driveway, Eric cannot establish a case of negligence, and therefore, the entry of a summary judgment was appropriate.

The entry is:

Judgment affirmed.

4. Section 364 provides:
A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of harm, if
(a) the possessor has created the condition, or
(b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession, or

(c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it.
RESTATEMENT (SECOND) OF TORTS § 364 (1965).

5. Neither party raised the applicability of RESTATEMENT (SECOND) OF TORTS §§ 363, 840. Accordingly, we do not express an opinion regarding whether those sections may be applicable in future cases.