STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-153

DONALD L. GARBRECHT
LAW LIBRARY

DEC 0 8 2006

BARRY BUNTEN,

Plaintiff,

v.

PARSONS ENERGY & CHEMICALS
GROUP, INC., ET AL,

    Defendant/Cross-Claim Defendant
and Third-Party Plaintiff,

BUCKSPORT ENERGY, LLC,

    Defendant/Cross-Claim Plaintiff,

v.

CCB, INC.,

    Third-Party Defendant and
Cross-Claim Defendant

**ORDER ON MOTION
FOR SUMMARY
JUDGMENT**

FILED & ENTERED
SUPERIOR COURT

OCT 2 4 2006

PENOBSCOT COUNTY

## BEFORE THE COURT

Pending before the court is Defendant, Bucksport Energy, LLC's Motion for

Summary Judgment filed on May 30, 2006.

## BACKGROUND

Plaintiff, Barry Bunten ("Bunten"), and Defendant, Bucksport Energy, LLC

("Bucksport"), do not dispute the following facts. On or about August 8, 1998,

Bucksport contracted with General Electric Company for the construction of a gas-fired

turbine power facility in the town of Bucksport, Maine. On or about September 2, 1998,

General Electric Company entered into a Consortium Agreement with Parsons Energy &

1

Chemicals Group, Inc. Bunten, an employee of CCB, Inc., worked as a welder and pipefitter on the construction of the facility. On March 24, 2000, Bunten was injured at the worksite as he returned from lunch and was going to his supervisor's trailor. Bunten either slipped on debris as he stepped over a steel beam or tripped over the beam. On July 5, 2005, Bunten filed a complaint against Parsons and Bucksport, alleging negligence.[1]

## DISCUSSION

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 4, 825 A.2d 344, 345. Essentially, the court determines whether there is a genuine issue of material fact by comparing the parties' statements of material facts and corresponding record references. *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. In addition, to survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. The court will view the evidence in the light most favorable to the non-moving party. *See, e.g., Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶ 11, 718 A.2d 186, 190.

As the basis for his negligence claim against Bucksport, Bunten claims that "Bucksport Energy was the lessee in possession and control of the property on which the generator was being constructed and was also a general contractor on the Bucksport Project." (Compl. ¶ 5.) As Bucksport alleges in its Motion for Summary Judgment, it is,

---

[1] Bucksport subsequently filed a cross-claim against Parsons on November 2, 2005. On December 15, 2005, Parsons filed a third-party complaint against CCB. Thereafter, on January 18, 2006, Bucksport filed a cross-claim against CCB.

2

as a matter of law, neither vicariously liable for the negligence of the independent contractor, nor directly negligent for Bunten's injuries.

### 1. Bucksport is Not Vicariously Liable as a Matter of Law

As a general rule, an employer has no vicarious liability for the acts of an independent contractor.[2] *Dexter v. Town of Norway*, 1998 ME 195, ¶ 9, 715 A.2d 169, 172. An employer, however, can be held vicariously liable for the acts of an independent contractor if it retains control over any part of the independent contractor's work. RESTATEMENT (SECOND) OF TORTS § 847(A) (1965).

Bucksport maintains that there is no genuine issue of material fact regarding whether it maintained control over the worksite, as its "employees did not work in the building in which Bunten received his injuries." (Defendant's Statement of Material Facts ("DSMF") ¶ 10.) In addition, it did not "inspect the contractors' work areas." (DSMF ¶ 9.) Further, Bucksport contends that its "employees did not provide direct oversight or supervision for the employees of Parsons or its subcontractors," nor did they "monitor the daily activities of any of the contractors' employees." (DSMF ¶¶ 7-8.)

Bunten fails to admit, qualify, or deny any of these particular statements of material fact.[3] Properly supported statements of material fact "will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party." *See Pratt v. Ottum*, 2000 ME 203, ¶ 15 n.8, 761 A.2d 313, 318. Bunten has also not advanced any statements of material fact, supported by record, to produce a question of whether Bucksport exerted any control over the premises where he was

---

[2] Bunten does not dispute that there was an independent contractor situation in this case.

[3] The court notes that it denied Bunten's Rule 56(f) motion on September 15, 2006. Since then, Bunten has not supplemented any of the pleadings he originally submitted in opposition to the summary judgment motion.

3

injured.[4] Therefore, as a matter of law, Bucksport is not negligent under a vicarious liability theory.

### 2. *Bucksport is Not Directly Negligent as a Matter of Law*

In order "[t]o establish a *prima facie* case of negligence, a plaintiff must establish that a duty was owed, the duty was breached, and the plaintiff's injuries or damages were proximately caused by the breach of that duty." *Radley v. Fish*, 2004 ME 87, ¶ 12, 856 A.2d 1196, 1200. Bucksport maintains that none if its employees worked in the building where Bunten was injured, (DSMF ¶ 10), and that "[t]he steel beam involved in Bunten's accident was not left by a Bucksport employee," (DSMF ¶ 20). Again, Bunten neither admits, denies, or qualifies either of these facts. In addition, Bunten has wholly failed to advance any statements of material fact, supported by the record, which would generate a genuine issue of material fact as to the elements of breach of duty and causation. Therefore, even if the court were to assume that Bucksport owed Bunten a duty of care, as a matter of law, Bunten's negligence claim must fail.

## CONCLUSION

Accordingly, Defendant Bucksport's Motion for Summary Judgment is GRANTED.

Dated: Oct. 23 , 2006

Andrew Mead
Justice, Superior Court

---

[4] In fact, the only statements of material fact advanced by Bunten concern, first, the authenticity of the contract submitted by Bucksport as representing the agreement between the parties, (Plaintiff's Reply Statement of Material Facts ("PRSMF") ¶¶ 2-6, 21), and, second, whether Bunten tripped over the beam or slipped on debris near the beam (PRSMF ¶ 19).

4

BARRY BUNTEN VS PARSONS ENERGY & CHEMICALS GROUP INC ET AL VS CCB INC
UTN:AOCSsr  -2005-0064875                      CASE #:BANSC-CV-2005-00153
-----------------------------------------------------------------------------
BARRY BUNTEN                                                  PL
ATTY GREIF, ARTHUR  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339

PARSONS ENERGY AND CHEMICALS GROUP INC                       DEF
ATTY RUESCH, ROBERT A.   Tel# (207) 774-4000
ATTY ADDR:ONE PORTLAND SQUARE PO BOX 586 PORTLAND ME 04112-0586

BUCKSPORT ENERGY LLC S/J                                      DEF
ATTY KUBETZ, BERNARD  Tel# (207) 947-0111
ATTY ADDR:80 EXCHANGE ST PO BOX 1210 BANGOR ME 04402-1210

John Lucy      945-5100
for CCB Inc    PO Box 2419 Bangor

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.