

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-361
PAF - YOR - 10/27/2011

DEBRA J. FIELDS )
)
        Plaintiff )
)
Vs. )
)
WAYNE PERRY and SUSAN )
PERRY )
)
    And )
)
BILL HAYDEN AND PATRICIA )
HAYDEN )
)
    And )
)
STEVEN NUGENT and TRACY )
NUGENT )
)
    Defendants )

ORDER GRANTING SUMMARY JUDGMENT
TO DEFENDANTS BILL HAYDEN AND
PATRICIA HAYDEN

After hearing had, and after review of the Statements of Material Facts with Exhibits and Memoranda of Law submitted by the parties, this Court hereby grants summary judgment for the Defendants, Bill Hayden and Patricia Hayden, and against Plaintiff, Debra J. Fields, with regard to Count III of Plaintiff's Complaint for the following reasons:

In order to avoid summary judgment being entered against her, the Plaintiff must establish a prima facie case for each element of her cause of action for negligence against the Defendants, including: 1) that a legal duty was owed by Defendants to her; 2) that Defendants breached that duty; 3) that the breach of the duty caused the Plaintiff to be injured; and 4) that the Plaintiff sustained injury.

The determination of whether the Haydens owe a duty to Plaintiff is a question of law for the Court to determine: Radley v. Fish, 2004 ME 87, ¶ 6, 856 A.2d 1196, 1198-99.

Within Count III of her Complaint, Plaintiff alleges that the Haydens, as landlords of property leased to the Perrys, who owned the dog that allegedly injured her, had the legal right and obligation to exercise sufficient control over the leased premises, including the Perry dog, so as to protect her from being injured by the dog. Since the Plaintiff has not alleged that the Haydens were either owners or keepers of the Perry dog, she has not asserted liability against them based upon common law strict liability or statutory liability pursuant to 7 M.R.S. §3961.

1

As a general rule, landlords are not liable for dangerous conditions relating to leased premises after the lessee obtains exclusive possession and control absent three specific exceptions, none of which are applicable to the facts of the present case. Nichols v. Marsden, 483 A.2d 341,[3](Me. 1984).[*] The Law Court has previously ruled that there is no duty imposed upon a non-occupying landowner (including a lessor) to require lessees or licensees to control their dogs from injuring third persons. Stewart v. Aldrich, 2002 ME 16, 788 A.2d 603; Parrish v. Wright, 2003 ME 90, 828 A.2d 778, ¶3
^¶ 19

Accordingly, the Haydens, as owners and landlords of the property leased to the Perrys, owed no duty to supervise or control the Perrys' dog while the Perrys were the exclusive occupiers of the leased premises. This Court hereby grants summary judgment for Defendants Bill Hayden and Patricia Hayden against Plaintiff Debra J. Fields upon Count III of Plaintiff's Complaint.

The Clerk is instructed to incorporate this Order by reference within the docket.

Date: 10/26/11 _____
                                          Justice, Maine Superior Court

*I find that the plaintiff's proposed expansion of the exception where a landlord "gratuitously undertakes to make repairs and does so negligently" to a case involving an off premises injury by a tenant's dog goes beyond the scope of the Law Court's ruling in Nichols.

ATTORNEY FOR PLAINTIFF:
HARRY B CENTER, II
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

ATTORNEY FOR DEFENDANTS PATRICIA & BILL HAYDEN:
PAUL DOUGLASS
PAUL S DOUGLASS PA
PO BOX 1346
LEWISTON ME   04243-1346

PRO SE DEFENDANTS:
WAYNE PERRY
SUSAN PERRY
3A SENECA AVENUE
SANFORD ME   04073

STEVEN NUGENT
TRACY NUGENT
10 ACADEMY LANE
LEBANON ME   04027

2