STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        DOCKET NO BANSC-CV-10-156
                                        WRA-PEN- 5/4/2012

EVELYN L. SMAHA,

          Plaintiff,
     v.                                 ORDER
CATHERINE PHILLIPS and
JENNIFER PARADY,

          Defendant.


This Order addresses the motion for summary judgment filed by defendant Catherine Phillips. In her complaint, plaintiff Evelyn Smaha includes several counts pertaining to an alleged assault against her by Jennifer Parady. She also alleges in Count IV that she was an employee of Catherine Phillips when Ms. Parady assaulted her, that Ms. Phillips was responsible for the oversight and supervision of Ms. Parady at the time of the alleged assault, that she failed to properly and with due care oversee and supervise Ms. Parady, and that the failure to do so was negligent and in violation of the duties owed to plaintiff. In the motion for summary judgment, defendant alleges that she satisfied, as a matter of law, any duty to protect the plaintiff from the actions of Ms.Parady

## DISCUSSION

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute, and, accordingly, the moving party is entitled to judgment as a matter of law." *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825. A genuine issue of material fact exists when there is sufficient evidence to require the fact-finder to choose between competing versions of a fact that could affect the outcome of

the case. *Id.; Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. The court will review the evidence in the light most favorable to the non-moving party. *Cookson v. Brewer School Dep't*, 2009 ME 57, ¶ 12, 974 A.2d 276, 281.

"[A] plaintiff who brings a cause of action for negligence must establish a prima facie case that the defendant owed him a duty of care, the defendant breached that duty, and the breach was a proximate cause of some injury to the plaintiff." *Estate of Cilley v. Lane*, 2009 ME 133, ¶ 10, 985 A.2d 481, 485 (citing *Addy v. Jenkins, Inc.*, 2009 ME 46, ¶ 8, 969 A.2d 935, 938). The threshold question of whether a duty exists is a question of law and reflects proper grounds for summary judgment disposition. *See Radley v. Fish*, 2004 ME 87, ¶ 6, 856 A.2d 1196, 1198-99 (citing *Parrish v. Wright*, 2003 ME 90, ¶ 18, 828 A.2d 778, 783).

1. Factual Issues

The summary judgment record clearly reflects no dispute about the following:

Catherine Phillips possessed a power of attorney that authorized her to provide care for her elderly parents, Leon and Betty Parady. Prior to the incident that is the subject of the underlying complaint, Jennifer Parady, a family member, had been a care provider for Leon and Betty, but she had either quit or had been terminated. Ms. Phillips, who had two sisters who were also involved in their parents' care, then hired the plaintiff as the replacement. On September 22, 2009, the plaintiff was working in this capacity inside Leon and Betty Parady's residence and Jennifer Parady was conducting a yard sale outside the residence. At some point during that day, Ms. Parady entered the residence and allegedly assaulted the plaintiff. The Court will carefully examine the summary judgment record to evaluate if evidence supports the plaintiff's position that there is a genuine issue of material fact concerning Ms. Phillips' awareness of Jennifer Parady's dangerousness prior to the assault, whether that awareness, if proved, could

create a duty owed to the plaintiff, and, if a duty existed, whether defendant satisfied that duty as a matter of law.

In filing the motion for summary judgment, the defendant, referring to the allegations in the complaint, maintained that she had no duty to protect the plaintiff for the actions of Ms. Parady because no "special relationship" existed between Ms. Phillips and Ms. Parady that imposed a duty on the defendant. In fact, there is no factual support for the claim that Ms. Phillips had a duty to supervise or oversee the activities of Jennifer Parady because Ms. Parady was no longer employed as a caregiver by September 22, 2009. In Plaintiff's opposition to the motion for summary judgment, however, plaintiff shifted gears[1], and liability theory, pointing out that she was defendant's employee at the time of the alleged assault[2] and, under some circumstances, an employer has a duty to protect an employee from the actions of a third party. Plaintiff cites to her own deposition and her answers to interrogatories[3] to develop evidence that defendant was aware of Ms. Parady's dangerousness prior to the alleged assault. Defendant argues that most of this material referenced by plaintiff is inadmissible and cannot be considered by the Court. The factual basis of plaintiff's claim must be scrutinized fully to determine whether a genuine issue of material fact exists that could support a finding that defendant Phillips was aware of a danger that Jennifer Parady posed.

---

[1] As will be demonstrated later, what plaintiff ultimately argues is a different version of the same tort that was originally maintained.

[2] Defendant agrees that there is a genuine issue of material fact on this issue. Defendant says plaintiff was let go prior to the alleged assault, while plaintiff says she was let go later.

[3] By referring to the answers to interrogatories in responding to the motion, plaintiff created a confused and cumbersome record. The source of the information supporting the answer was usually not at all clear, making decisions on admissibility difficult. Citing to a 24 page answer, in the absence of a page reference, violates the requirement that the statement be short and concise as required by M.R. Civ. P. 56(h). It would have been preferable to provide a focused, concise affidavit of the client.

In her counter statement of material facts concerning the dangerousness issue, plaintiff refers to pages 109 through 111 of her deposition in which she relates what the three sisters told her, inadmissible to prove the truth of the matter asserted because only the statement of the defendant is admissible and there is no parsing of which sister made which statement. These statements, made in the presence of the plaintiff, would be admissible, however, to prove the then existing mental or emotional condition of the declarant, which was their subjective concern surrounding Jennifer Parady's reaction to being fired. This should be read in conjunction with the answer to interrogatory 9 at p. 7, which is mostly inadmissible with the exception that Jennifer was going to be fired and the sisters were planning to "stake out the property" until the plaintiff returned to work on the following Monday, September 21, 2009. Additionally, on page 111 of plaintiff's deposition, in the context of Jennifer Parady's reaction to no longer providing care for the Betty and Leon Parady, the defendant purportedly made a statement indicating an awareness of plaintiff's insecurity about safety, saying, "if you're really scared, your husband can be there" (at the residence where she worked). The statement that all three sisters knew that Jennifer was a dangerous person, and the statements that Patti made are inadmissible.

From defendant's statement of material facts #5, relying on the Jennifer Parady deposition, p. 7, as well as pages 70 and 72 of the plaintiff's deposition and based on defendant's admission to statement 11 in plaintiff's statement of material facts, it could be concluded that defendant Phillips permitted Jennifer Parady to conduct a yard sale on the property of Leon and Betty Parady on the day of the alleged assault[4]. There is an issue of fact with regard to whether Ms. Phillips told Jennifer Paradis not to come into

---

[4] Plaintiff cites her answer to question 9 in support of this proposition as well. In the absence of a page number, the Court is not sifting through a 24 page answer to find relevant areas.

the house. Based on plaintiff's deposition at pages 70 and 73, in which Ms. Smaha agreed with defense counsel's suggestion that defendant told Ms.Parady that she was not to enter the residence during the yard sale, as well as page 7 of the answer to interrogatory #9 (statement of party opponent), there is evidence that defendant told Ms.Parady that she was not to enter the house during the yard sale. Also, according to the plaintiff's version of events, she told the defendant that the defendant's decision to let Jennifer conduct the yard sale caused the plaintiff to be concerned about her safety. Answer to interrogatory #9, p.7.

While plaintiff was working on September 22, 2009, her second day of work following Jennifer's dismissal, Jennifer Parady came to the door during the yard sale, screaming and pounding on it and the plaintiff's husband, who was present, let her in. The defendant was not present at the time. Smaha Deposition, at p. 73, Answer to interrogatory #9 at p. 7. Both Ms. Parady and plaintiff called defendant, asking her to come to the home. Answer to interrogatory #9 at p. 9. When defendant arrived at her parents' home, Ms. Parady had already entered and was sitting at a table drinking coffee. According to plaintiff's version, defendant told Ms. Parady to leave, but Ms. Parady, who was upset, refused. Defendant then asked the plaintiff to leave, but she indicated that it had been agreed that Ms. Parady was no longer working and therefore, she should be the one to leave. Unable to get either to leave, defendant left the kitchen, where plaintiff and defendant were located, to go into another room, at which time the alleged assault took place. Answer to interrogatory #9 at p. 11.

2. Legal Analysis

A claim of negligence requires the existence of a duty of care and there is no general obligation to protect others from the actions of third parties. *See Bryan R. v. Watchtower Bible and Tract Soc'y of N.Y. Inc.* 1999 ME 144, ¶ 12, 738 A.2d 839, 844. An

exception to this rule is recognized when there is a special relationship between the plaintiff and defendant. *See Fortin v. The Roman Catholic Bishop of Portland,* 2005 ME 57, ¶ 39, 871 A.2d 1208, 1222. If a plaintiff asserts the existence of a special relationship under section 315 of the Restatement (Second) Of Torts, an action for negligent supervision can be maintained. *Id.* Section 315 provides that there is a no duty to control the conduct of a third person to prevent her from causing harm to another unless a special relation exists between (a) the actor (defendant) and the third person or (b) the actor (defendant) and the other (plaintiff). Restatement (Second) of Torts § 315 (1965). Establishing an employer/employee relationship establishes a special relationship for purposes of this analysis. *See* Restatement (Second) of Torts § 315 cmt. on clauses (a) and (b) (1965), and § 314A cmt. a (1965). The duty is only to exercise reasonable care under the circumstances and the defendant is not liable where she neither knows or should have known of the unreasonable risk. Restatement (Second) of Torts § 314A cmt. e. (1965). The version of this tort based on section 315(b) has not been formally recognized in Maine by holding in a case, but the tort of negligent supervision based on Section 315(a) has been recognized in *Fortin,* 2005 ME 57, and the 315(b) version has been specifically described in *DeCambria v. Carson,* 2008 ME 127 ¶ 12, 953 A.2d 1163.

Reviewing the evidence in the light most favorable to the non-moving party, one could conclude the following:

(a) Although there is no admissible evidence that Ms. Parady posed more of a threat to plaintiff than the defendant and her sisters, all four were concerned that Jennifer Parady would react negatively after being told she would no longer be taking care of defendant's parents.

(b) Based on the necessity of "staking out" the house during the weekend after letting Ms. Parady go, defendant's statement that if the plaintiff were afraid, she could

have her husband stay at the house when she worked in the next week, and defendant's admonition to Jennifer not to come into the house, it could be concluded that defendant was aware that Ms. Parady could pose a threat of harm at the home of Betty and Leon Parady to plaintiff, as well as the three sisters.

This evidence could be sufficient to impose a duty. By giving Ms. Parady permission to conduct the yard sale despite the plaintiff's expression of concern about her security, by not instituting appropriate safety controls during the yard sale, or by not intervening more aggressively on September 22, 2009 immediately preceding and during the incident, one could conclude that the defendant violated her duty to protect from a third party.

Based on this record, the Court cannot conclude that the defendant satisfied her duty as a matter of law and the motion for summary judgment is Denied.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: May 4, 2012

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

EVELYN SMAHA  - PLAINTIFF
51 WEST COILEY ROAD
OLD TOWN ME 04468
Attorney for: EVELYN SMAHA
DAVID J VAN DYKE  - RETAINED
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116


vs
PATRICIA TEWHEY INDIV & P.R. EST-DISM  - DEFENDANT
2800 OHIO STREET
GLENBURN ME 04401
Attorney for: PATRICIA TEWHEY INDIV & P.R. EST-DISM
DAVID VERY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


JENNIFER PARADY  - DEFENDANT
50 PEMBROKE DRIVE #4
OLD TOWN ME 04468
Attorney for: JENNIFER PARADY
ARTHUR GREIF  - RETAINED
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


CATHERINE PHILLIPS  - DEFENDANT

Attorney for: CATHERINE PHILLIPS
MICHAEL RAIR  - RETAINED
LAW OFFICE OF MICHAEL L. RAIR
43 COLUMBIA STREET SUITE ONE
PO BOX 2580
BANGOR ME 04402-2580

PATRICIA TEWHEY PR EST LEON PARADY-DISM  - DEFENDANT

Attorney for: PATRICIA TEWHEY PR EST LEON PARADY-DISM
DAVID VERY  - RETAINED
NORMAN HANSON & DETROY
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

PATRICIA TEWHEY PR EST BETTY PARADY-DIS M - DEFENDANT
2800 OHIO ST
GLENBURN ME 04401

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2010-00156


**DOCKET RECORD**